ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 23 2009 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LISA McCONNELL, INC., d.b.a.    )
IMAGE ONE, a California Corporation,   )
                       )
        Plaintiffs   )
                       )
    v.                 )
                       )
AMBASSADOR MEDIA GROUP, LLC,   )
a Delaware limited liability company,   )
                       )
        Defendant.   )
                       )

Civil Action No.

**09   4116**

**COMPLAINT FOR COPYRIGHT**
**INFRINGEMENT, TRADEMARK**
**INFRINGEMENT, AND RELATED**
**COUNTS**

GERSHON, J  POHORELSKY, M.J

Plaintiff LISA McCONNELL, INC., d.b.a. IMAGE ONE (hereinafter referred to as "Plaintiff" or "IMAGE ONE") alleges against the above-named Defendant as follows:

### NATURE OF ACTION

1.     This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and for related counts thereto.

### JURISDICTION

1.     Jurisdiction is proper in this Court in that there is in issue a federal question concerning the infringement of various copyrights and trademarks, by virtue of 28 U.S.C. §§ 1331, 1338 and 1367.

### VENUE

2.     Venue in this action properly lies in the Eastern District of New York under 28 U.S.C. §§ 1391 and 1400(a) and (b) in that the defendant is believed to reside in this judicial district as defined by Section 1391(c), in that the defendant has a regular and established place of business in this judicial district as referenced in section 1400(b), and in

that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York, where the Defendant has published infringing advertisements and has derived significant income from advertisement sales to the public related to the infringement claims at issue herein.

## THE PARTIES

3.      Plaintiff, IMAGE ONE, is, and at all times herein mentioned was, a California corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the City of San Diego, County of San Diego, State of California.

4.      Defendant is and all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and was duly authorized to conduct business in the State of New York. Defendant maintains a sales office in Maspeth, New York. Defendant publishes yellow pages directories for Brooklyn, Queens, Bronx and Manhattan.  Defendant was formerly known as Ambassador Publications, LLC.

## DEMAND FOR JURY TRIAL

5.      Plaintiff demands a jury trial.

## BACKGROUND FACTS

6.      Since 1993, IMAGE ONE has created and published unique and original images and composites, including advertisement templates, graphic designs, text and artwork, intended for use as a business.

7.      In 1993, IMAGE ONE pioneered and defined a new niche in the advertising industry. By combining high-end three-dimensional graphic art and yellow pages advertising, IMAGE ONE created a new type of advertisement in an old and familiar medium.  These

unique advertisements created by IMAGE ONE are the subject of this Complaint (herein after referred to as the "Subject Works.").

8. Since 1993, IMAGE ONE has produced these high-end graphics for customers seeking to advertise by unique advertisements in the yellow page telephone directories and yellow pages websites. Utilizing original IMAGE ONE artwork and, in a few instances, innovative and new derivations of images licensed to IMAGE ONE, IMAGE ONE has created new and original artwork to develop unique and distinct images which it then incorporates into templates for use in advertising.

9. IMAGE ONE, in the creation of its innovative advertisements, developed a new market in the yellow page advertising industry in the 1990's. Since IMAGE ONE's inception, although IMAGE ONE remains a small company, IMAGE ONE's artwork is still viewed as the industry standard against which other yellow pages artwork is measured.

10. The superior quality of IMAGE ONE's original and innovative artwork and its revolutionary impact on the yellow page industry in the 1990's was reflected in an independent study conducted by the Wharton School of Business on the impact of certain yellow pages designs in generating customer responses. Although IMAGE ONE is located in Southern California, its unique artwork drew attention from companies that do business elsewhere in the United States and from yellow pages publishers throughout the United States.

11. IMAGE ONE has complied in all respects with the copyright laws of the United States of America, Title 17 U.S.C. §§ 101, et seq. IMAGE ONE has secured the exclusive rights and privileges to the copyrights in approximately 451 templates and individual advertisements by properly registering the same with the United States Copyright

Office as of the date of this Complaint. IMAGE ONE is in the process of registering, and plans to register, additional templates and individual advertisements which are also the subject of this action in view of Defendant's continuing acts of infringement. All such registered templates and individual advertisements are hereinafter referred to as "Registered Works." IMAGE ONE has certificates of registration from the United States Copyright Office or holds copies of the registration forms with proof of mailing to United States Copyright Office for all of the Registered Works. Attached as <u>Exhibit "1"</u> to the Notice of Lodgment filed concurrently herewith is a true and correct copy of a list identifying the templates and individual advertisements registered by IMAGE ONE with the United States Copyright Office.

12. IMAGE ONE has reserved all rights in and to its copyrighted work. IMAGE ONE currently is, and at all times relevant hereto was, the sole owner of all right, title, and interest in and to the copyright in the Subject and Registered Works, which were produced and distributed in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

13. IMAGE ONE's work circulates throughout the country in numerous telephone books and on related internet yellow pages websites, giving Defendant access to IMAGE ONE's work. IMAGE ONE clients acquire advertisements from IMAGE ONE which are then submitted to Defendant and other yellow pages publishers by IMAGE ONE for legitimate display and distribution. Defendant consequently had access and an opportunity to copy Plaintiff's work.

14. In prior copyright infringement actions, IMAGE ONE filed suit against numerous major companies in the same industry, namely GTE Directories Corporation and

its subsidiaries ("GTE"); and Bell Atlantic Directory Services, Inc. and Bell Atlantic Yellow Pages Company (subsequently known as Verizon Directory Services, Inc. and Verizon Yellow Pages Company) ("Bell Atlantic/Verizon") in actions known as United States District Court, Southern District of New York Case No. 00 Civ. 0181 (GEL) and as United States District Court, Southern District of California, Case No. 97-CV-1259 JM (CGA). Such lawsuits became common knowledge throughout the yellow page publishing industry and their insurers. Said information gave Defendant time to remove Plaintiff's distinctive images from Defendant's directories, and adequate time to develop policies and procedures to prevent continued violations of Plaintiff's copyrights. However Defendant has continued to infringe, or has resumed infringing, Plaintiff's copyrights by copying the protected work.

15.    IMAGE ONE has reviewed a sampling of Defendant's paper telephone directories and yellow pages websites for the years 2006 through 2009 and determined that Defendant has been publishing advertisements within the most recent three years which IMAGE ONE believes, and based thereon alleges, infringe on IMAGE ONE's Registered Works (hereinafter referred to as "Infringing Works"). (Attached collectively as Exhibit "2" to the Notice of Lodgment filed concurrently herewith are a list of the Infringing Works currently known to Plaintiff.)

16.    To date IMAGE ONE has only been able to obtain only a percentage of the Defendant's approximately 22 directories and yellow pages websites that were published by Defendant during the most recent three year period, including parts of years 2006, through 2009. IMAGE ONE is informed and believes, and based thereon alleges, that based on the infringements found to date, there are at least 113 infringements based on the projection of 5.125 infringements per paper directory, including Infringing Works that remain

undiscovered from the books that still need to be reviewed, with additional infringements on the aforementioned yellow pages websites.

17.    The Infringing Works published by Defendant have appeared in telephone directories published within Defendant's market area, including (without limitation) directories published in Brooklyn, Queens, Bronx and Manhattan, and on the internet. IMAGE ONE is informed and believes, and based thereon alleges, that since at least as early as 2006 through 2009, Defendant has been reproducing, distributing, promoting and offering for sale, illegal and unauthorized copies of the Infringing Works.

18.    IMAGE ONE is informed and believes, and based thereon alleges, that Defendant knowingly and willfully copied certain images of IMAGE ONE's Subject Works, and knowingly and willfully sold advertising space in Defendant's directories to companies based upon the unauthorized use of Plaintiff's images. IMAGE ONE is further informed and believes, and based thereon alleges, that Defendant copied the Subject and Registered Works for the specific purposes of infringing IMAGE ONE's copyrights and selling illegal and unauthorized copies of the Subject and Registered Works. Attached hereto collectively as Exhibit "3" to the Notice of Lodgment filed concurrently herewith is an example of an infringing advertisement created by Defendant. The images in Exhibit "3" compare the Defendant's Infringing Work with an IMAGE ONE Registered Work which Defendant plainly copied, altered, and used as Defendant's own.

19.    IMAGE ONE has identified three distinct types of infringing advertisements published by Defendant. IMAGE ONE has categorized these types of infringements as Types A, B, and C for the purposes of this litigation.

20.     Type A infringements are advertisements published by Defendant for businesses who are not IMAGE ONE clients and which unlawfully use IMAGE ONE's Registered Work without IMAGE ONE's authorization.  The majority of the known Type A infringements at the present time are from Defendant's directories published within the venue of the Eastern District of New York (the Brooklyn and Queens directories).  The documents attached as Exhibit "4" to the Notice of Lodgment filed herewith are examples of such Type A infringements.

21.     Type B infringements are advertisements that were created by IMAGE ONE for a client, and which have been illegally altered and republished by Defendant without Image One's authorization for the alteration.  Type C infringements are advertisements which utilize IMAGE ONE's Registered Work without IMAGE ONE's authorization by IMAGE ONE clients who have purchased a different template, thereby enabling an IMAGE ONE client or former client who purchased the right to use one IMAGE ONE template to publish advertising using the template(s) that IMAGE ONE created for one or more other clients without actually compensating IMAGE ONE for the use of the work created for others. These Type B and C infringements are not well done and thus harm IMAGE ONE's reputation and drastically reduce IMAGE ONE's business.  The documents attached as Exhibit "5" to the Notice of Lodgment filed herewith are examples of such Type B and Type C infringements, comparing the infringing ads with Plaintiff's copyright protected artwork.

22.     IMAGE ONE is informed and believes, and based thereon alleges, that Defendant is attempting to pass its advertisements off as if they are IMAGE ONE's in a manner calculated to deceive IMAGE ONE's customers and members of the general public.

Defendant has copied the artwork in IMAGE ONE's copyrighted advertisements in an effort to make Defendant's infringing products confusingly similar to IMAGE ONE's.

23. The natural, probable and foreseeable result of Defendant's wrongful conduct has been to deprive, and it will continue to deprive, IMAGE ONE of the benefits of selling IMAGE ONE's Subject Works and its other products, to deprive IMAGE ONE of good will, and to injure IMAGE ONE's relations with present and prospective customers.

24. IMAGE ONE is informed and believes, and based thereon alleges, that it has lost, and will continue to lose, substantial revenues from the sale of the Subject and Registered Works and other products and will sustain damages as a result of Defendant's wrongful conduct and production and sale of the infringing advertisements. Defendant's wrongful conduct has also deprived and will continue to deprive IMAGE ONE of opportunities for improving the value of its goodwill.

25. IMAGE ONE is informed and believes, and based thereon alleges, that unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from IMAGE ONE's copyright protected artwork and works derived from it.

26. As a direct and proximate result of the acts alleged above, IMAGE ONE has already suffered irreparable damage and has suffered lost profits. IMAGE ONE has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by Defendant's conduct. IMAGE ONE will continue to suffer irreparable damage and sustain loss of profits until Defendant's actions alleged above are enjoined by this Court. In addition, as the direct and proximate result of the acts alleged above, Defendant has received profits resulting from its reduced costs in that it has failed to make payment to

IMAGE ONE for the use of IMAGE ONE's work; and from increased sales in that it has held out said work as Defendant's own property and work thereby directing advertising traffic directly to Defendant that otherwise would have gone to Plaintiff and to yellow pages publishers including but not limited to Defendant; and otherwise. In addition, Plaintiff has lost profits in that Plaintiff's business would have expanded its market greatly if Plaintiff had been able to offer Plaintiff's services as the unique source nationwide for Plaintiff's protected work, whereas Plaintiff has been unable to do so due to Defendant's and other yellow pages publishers continuing to offer Plaintiff's work as if it were the yellow pages companies' (including Defendant's) own work available without compensation to the artist, thereby causing harm to the reputation and market value of Plaintiff's work.

## COUNT I

### (Copyright Infringement)

27.    IMAGE ONE incorporates by reference paragraphs 1 through 26 herein above as though the same were set forth in full herein.

28.    IMAGE ONE produces high-end graphic advertisements for customers seeking to advertise through the yellow page telephone directories and yellow pages internet sites. These advertisements constitute IMAGE ONE's Subject and Registered Works.

29.      The Subject and Registered Works are original creations expressed in artwork that is the exclusive and copyright protected property of IMAGE ONE. All copies, or derivations therefrom, are produced either directly by IMAGE ONE itself or, alternatively, under its authority or license. All such work has been published in conformity with the provisions of the Copyright Act, 17 U.S.C. § 101, et seq.

30.     The Infringing Works thus far identified by IMAGE ONE have harmed IMAGE ONE's business reputation and drastically depleted its profits. In most cases, the Infringing Works consist of scanned copies or derivations of original IMAGE ONE artwork that fall well below the quality of the original work from which the illegal advertisements were taken. These poor reproductions have upset some of IMAGE ONE's current clients, and have caused IMAGE ONE to lose repeat business as well as new and potential clients that often mistakenly believe Defendant's advertisements are original IMAGE ONE artwork.

31.     IMAGE ONE is informed and believes, and based thereon alleges, that Defendant knowingly and willfully copied IMAGE ONE's Subject and Registered Works despite the attention previously drawn to IMAGE ONE's copyright protection in the aforementioned previous litigation, including litigation with other yellow pages companies in the State of New York. IMAGE ONE is further informed and believes, and based thereon alleges, that Defendant copied the Subject and Registered Works for the specific purpose of infringing IMAGE ONE's copyrights and selling illegal and unauthorized copies of the Subject and Registered Works.

32.     IMAGE ONE's work circulates throughout the country in phone books published by many different publishers, including Defendant's phone books. As such, Defendant has ready and easy access to IMAGE ONE's artwork.

33.     Defendant's conduct infringes IMAGE ONE's exclusive copyrights in its original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

34.     As a direct and proximate result of Defendant's wrongful acts alleged above, IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendant has caused; to compensate it for the loss to the reputation and market value of Plaintiff's

work that Defendant has caused; and to require Defendant to disgorge and turn over to Plaintiff all of the profits that Defendant has made as a result of its reduction in cost by virtue of having failed to compensate Plaintiff for Plaintiff's work.  To date IMAGE ONE has discovered 15 advertisements published by Defendant that are in violation of IMAGE ONE's Registered Works.  For these discovered infringements, on information and belief, and for purposes of this Complaint, Defendant has gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages.  Based upon information and belief, in view of the percentage of Defendant's ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 98 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 113 estimated violating ads.  IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 113 violating ads will be $4,183,975.60.

35.    Alternatively, as a direct and proximate result of the acts alleged above, IMAGE ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that Defendant has caused based on Defendant's infringement of IMAGE ONE's federally registered works.  To date IMAGE ONE has discovered 15 advertisements which entitle IMAGE ONE to statutory damages recovery.  For each of the statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of Defendant's infringement. Evidence of the intentional nature of the violations includes the widespread knowledge of the prior lawsuits within the yellow pages industry such that Defendant's would have known of Plaintiff's artwork's copyright protection.  In addition, on information and belief,

Defendant's principals, or some of them, were working within the yellow pages industry at the time of the aforementioned litigation and would have had actual knowledge of correspondence from Plaintiff asserting Plaintiff's copyrights as to specific copyright infringing ads by Verizon, Bell Atlantic, and/or other companies that were defendants in the prior litigation. The total statutory damages claimed on the 15 advertisements discovered by IMAGE ONE to date is thus $2,250,000.00. Based upon the fact that IMAGE ONE, to date, has only viewed a percentage of Defendant's total yellow pages books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of approximately 98 additional advertisements remain undiscovered by IMAGE ONE, which together with the 15 discovered infringing advertisements, totals approximately 113 advertisements which are in violation of IMAGE ONE's federally registered artwork and will qualify for statutory damages. Accordingly, IMAGE ONE is informed and believes, and based thereon alleges, the damages for these undiscovered federally registered advertisements will total in excess of $16,950,000.00.

36. In addition to statutory damages or actual damage and lost profits, IMAGE ONE is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

37. Finally, as a result of Defendant's acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendant's conduct as it did not benefit from the sale of these designs. In many cases the poor quality of the reproductions produced an advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its products and services. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled to an injunction restraining Defendant, its managers,

members, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement of IMAGE ONE's original artwork.

WHEREFOR, Plaintiff prays for judgment as set forth below.

## COUNT II

### (Vicarious Copyright Infringement)

38.     IMAGE ONE incorporates by reference paragraphs 1 through 37 herein above as though the same were set forth in full herein.

39.     IMAGE ONE is informed and believes, and based thereon alleges, that where Defendant did not directly engage in conduct that amounted to the unauthorized exploitation of IMAGE ONE's copyrighted works, Defendant was given and received infringing copies or derivations of IMAGE ONE work that was impermissibly reproduced by Defendant's advertising clients.

40.     By publishing the infringing copies of IMAGE ONE's copyrighted works in its yellow page directories that Defendant received from its advertising clients, Defendant possessed the right and ability to supervise further infringing conduct by its advertising clients which occurred through the publication of said directories.

41.     Defendant further had, and continues to have, an obvious and direct financial interest in the exploitation of IMAGE ONE's copyrighted materials insofar as Defendant has a direct financial interest in the publication of advertisements that Defendant prepares for its clients.

42.     Defendant's conduct vicariously infringes IMAGE ONE's exclusive copyrights in its original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

43. As a direct and proximate result of Defendant's wrongful acts alleged above, IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendant has caused; to compensate it for the loss to the reputation and market value of Plaintiff's work that Defendant has caused; and to require Defendant to disgorge and turn over to Plaintiff all of the profits that Defendant has made as a result of Defendant's reduction in cost by virtue of having failed to compensate Plaintiff for Plaintiff's work. To date IMAGE ONE has discovered 15 advertisements published by Defendant that are in violation of IMAGE ONE's Registered Works.

44. For these discovered infringements, Defendant has gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages. Based upon information and belief, in view of the percentage of Defendant's ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 98 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 113 estimated violating ads. IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 113 violating ads will be $4,183,975.60.

45. Alternatively, as a direct and proximate result of the acts alleged above, IMAGE ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that Defendant has caused based on Defendant's infringement of IMAGE ONE's federally registered works. For each of the statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of Defendant's infringement. The total statutory damages claimed on the 15 advertisements discovered by IMAGE ONE to date is thus $2,250,000.00.

Based upon the fact that IMAGE ONE, to date, has only viewed a percentage of Defendant's total yellow pages books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of approximately 98 additional advertisements remain undiscovered by IMAGE ONE, which together with the 15 discovered infringing advertisements, totals approximately 113 advertisements are in violation of IMAGE ONE's federally registered artwork and will qualify for statutory damages. Accordingly, IMAGE ONE is informed and believes, and based thereon alleges, the damages for these undiscovered federally registered advertisements will total in excess of $16,950,000.00.

46.     In addition to statutory damages or actual damage and lost profits, IMAGE ONE is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

47.     Finally, as a result of Defendant's acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendant's conduct as it did not benefit from the sale of these designs.  In many cases the poor quality of the reproductions produced an advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its products and services. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled to an injunction restraining Defendant, its managers, members, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement of IMAGE ONE's original artwork.

WHEREFOR, Plaintiff prays for judgment as set forth below.

///

///

///

## COUNT III

### (False Designation of Origin Under Section 43(a) of the Lanham Act
### [15 U.S.C. §1125(a)])

48.     IMAGE ONE incorporates by reference paragraphs 1 through 47 herein above as though the same were set forth in full herein.

49.     IMAGE ONE creates high-end, inherently distinctive, three-dimensional yellow page advertisements custom tailored to its clients' needs. These yellow page advertisements are published in numerous telephone directories nationwide.

50.     IMAGE ONE has expended considerable time, effort and sums of money developing, publishing and disseminating promotional artwork and advertising materials that exemplify the distinctiveness of its artwork as compared to the more generic, low quality yellow-page artwork that is prepared and produced in-house by the various large yellow page publishers throughout the United States.

51.     As a result of IMAGE ONE's activities and efforts in this regard, the yellow page advertisement industry and the public at large who purchase yellow page advertisements and artwork on a regular basis have come to identify the unique and distinctive configuration and trade dress associated with IMAGE ONE's business. Evidence of this association is supported by an independent study that was conducted by Gerald Lohse of the Wharton School of business in Pennsylvania, which concluded that IMAGE ONE artwork was four times more effective than a typical "Black and White" yellow page advertisement in its ability to generate customer responses compared to the standard advertisement produced elsewhere. As such, IMAGE ONE artwork has created a distinct visual and source identifying impression in the minds of yellow page advertising consumers to such a degree

that this unique artwork has acquired secondary meaning associating it with IMAGE ONE's business.

52.     Defendant has willfully developed, produced, adapted and distributed to the public in this District and in other locations in the United States, promotional artwork and advertising materials which appropriate IMAGE ONE's configuration, design and trade dress, which has consisted of modified yellow page advertisements, created by IMAGE ONE, for its clients, without the permission of IMAGE ONE. On many of these infringing advertisements Defendant has willfully left the IMAGE ONE copyright symbol in place. These modified advertisements are not representative of IMAGE ONE's quality work, and are in fact are poorly composed and printed, as such these advertisements could be viewed by the public as unprofessional work created by IMAGE ONE.

53.     Defendant has willfully placed its modified versions of the IMAGE ONE artwork in interstate commerce, without IMAGE ONE's authorization, as Defendant has reprinted and published yellow page advertisements for businesses in the Counties in which it does business (including, without limitation, the Counties of Kings, Queens, Bronx and New York) in phone books and in yellow pages websites on the internet. As such, Defendant has willfully passed-off IMAGE ONE artwork as its own, thereby misleading the public into believing that said artwork is titled to and originated with Defendant and/or its clients who purchased yellow page advertising space in Defendant's published directories.

54.     Defendant's conduct has confused and is likely to confuse the public and violates 15 U.S.C. § 1125(a), popularly titled Section 43(a) of the Lanham Act.

55.     As a direct and proximate result of Defendant's wrongful acts alleged above, IMAGE ONE seeks actual damages pursuant to Section 35 of the Lanham Act to compensate

it for the loss of profits that Defendant has caused, including Plaintiff's lost profits, damages incurred as a result of the erosion of the market price for Plaintiff's work, loss of goodwill, and the expense of any corrective advertising that may be needed to counteract the damage and to mitigate future damages.

56.     For these 15 discovered infringements, Defendant has gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages.  Based upon information and belief, in view of the percentage of Defendant's ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 98 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 113 estimated violating ads.  IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 113 violating ads will be $4,183,975.60.

57.     In addition to actual damages and lost profits, IMAGE ONE seeks recovery of reasonable attorneys' fees and treble damages set forth under 15 U.S.C. § 1117 based on the information and belief that Defendant's conduct was willful and intentional.

58.     Finally, as a result of Defendant's acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendant's conduct as it did not benefit from the sale of these advertising designs.  In many cases the poor quality of the reproduction produced an advertisement appearing far below IMAGE ONE's standards reflecting negatively on its products and services.  The substandard quality of the reproduction negatively reflects on IMAGE ONE's otherwise quality product, thus harming IMAGE ONE's business reputation.  Accordingly, IMAGE ONE has no adequate remedy

at law, and is entitled to an injunction restraining Defendant, its managers, members, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement, and from further commercially passing-off IMAGE ONE's Trademark, Tradename, Service Mark and/or Trade Dress as belonging to Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, IMAGE ONE prays for judgment against Defendant as follows:

### **ON COUNT 1:**

1.      That the Court find Defendant has infringed IMAGE ONE's copyrights in the Subject Work;

2.      That the Court find a substantial likelihood that Defendant will continue to infringe IMAGE ONE's copyrights in the Subject Works unless enjoined from doing so;

3.      That Defendant, its managers, members, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined from directly or indirectly infringing IMAGE ONE's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to participate or assist in any such activity;

4.      That Defendant, its managers, members, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to return to IMAGE ONE any and all originals, copies, facsimiles, or duplicates of the subject work in its possession, custody or control;

5.      That Defendant, its managers, members, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to recall

from all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to Defendant, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright of the Subject Work;

6.     That Defendant be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work;

7.     That Defendant be required to file with the Court and serve on IMAGE ONE, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order;

8.     That judgment be entered for IMAGE ONE and against Defendant for IMAGE ONE's actual damages according to proof, and for any profits attributable to infringements of IMAGE ONE's copyrights, in accordance with proof, in the sum of $4,183,975.60 or according to proof;

9.     That judgment be entered for IMAGE ONE and against Defendant for statutory damages based upon Defendant's acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq, in the sum of $16,950,000.00;

10.     That Defendant be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

11.     That all gains, profits and advantages derived by Defendant from its acts of infringement and other violations of law be deemed to be held in constructive trust for the

benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

12.     That IMAGE ONE have judgment against Defendant for IMAGE ONE's costs and attorneys' fees; and

13.     That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**ON COUNT II**:

1.     That the Court find Defendant has vicariously and contributorily infringed IMAGE ONE's copyrights in the Subject Work by facilitating the direct infringement of the Subject Works engaged in by Defendant's advertising clients;

2.     That the Court find a substantial likelihood that Defendant will continue to vicariously and contributorily infringe IMAGE ONE's copyrights in the Subject Works unless enjoined from doing so;

3.     That Defendant, its managers, members, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined from directly or indirectly infringing IMAGE ONE's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to participate or assist in any such activity;

4.     That Defendant, its managers, members, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to return to IMAGE ONE any and all originals, copies, facsimiles, or duplicates of the Subject Work in its possession, custody or control;

5.     That Defendant, its managers, members, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to Defendant, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright of the Subject Work;

6.     That Defendant be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work;

7.     That Defendant be required to file with the Court and serve on IMAGE ONE, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order;

8.     That judgment be entered for IMAGE ONE and against Defendant for IMAGE ONE's actual damages according to proof, and for any profits attributable to infringements of IMAGE ONE's copyrights, in accordance with proof, in the sum of $4,183,975.60, or according to proof;

9.     That judgment be entered for IMAGE ONE and against Defendant for statutory damages based upon Defendant's acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq, in the sum of $16,950,000.00;

10.    That Defendant be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

11.   That all gains, profits and advantages derived by Defendant from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

12.   That IMAGE ONE have judgment against Defendant for IMAGE ONE's costs and attorneys' fees; and

13.   That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## ON COUNT III:

1.   That Defendant, its managers, members, agents and servants and all persons acting in concert with them be temporarily restrained, preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from infringing in any manner, as well as passing off as its own, IMAGE ONE's service marks, trade marks, and trade dress embodied in any and all of its original artwork;

2.   That Defendant, its managers, members, agents and servants and all persons acting in concert with them be temporarily restrained, preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from all false designation of the origin of trademarks, trade dresses and service marks contained in IMAGE ONE's work;

3.   That Defendant be required to deliver to the Court for impoundment and destruction all materials that infringe IMAGE ONE's service marks, trademarks, and trade dress embodied in any and all of its original artwork;

4.   For actual damages and disgorgement of profits, according to proof at trial, in the sum of $4,183,975.60 pursuant to 17 U.S.C. § 1125 (a);

5.     That all gains, profits and advantages derived by Defendant from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

6.     In addition to actual damages and lost profits, IMAGE ONE seeks recovery of reasonable attorneys' fees and treble damages set forth under 15 U.S.C. § 1117 based on the information and belief that Defendant's conduct was willful and intentional.

7.     For attorney's fees under 15 U.S.C. § 1117;

8.     For costs of suit incurred herein; and

9.     For such other and further relief as the Court deems just and proper.

Dated: September 22, 2009                         Respectfully submitted,

                                                  MILTNER LAW GROUP, APC

                                        By: _____

                                                  Teresa L. Polk
                                                  Walter E. Menck
                                                  Teresa@miltnerlaw.com
                                                  Walter@miltnerlaw.com
                                                  402 W. Broadway, Suite 800
                                                  San Diego, CA 92101
                                                  Telephone: (619) 615-5333
                                                  Facsimile: (619) 615-5334
                                                  Attorneys for Plaintiff
                                                  LISA McCONNELL, INC., d.b.a.
                                                  IMAGE  ONE,  a  California
                                                  Corporation

G:\4425\026\Pleadings\For New York\Complaint-NY Format.wpd